## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

SHAKHRUZ KAKHRAMON UGLI     )
KHOLMURODOV,                )
                            )
    Petitioner,             )
                            )
v.                          )     Case No. CIV-26-678-SLP
                            )
WARDEN CIMARRON             )
CORRECTIONAL FACILITY, et al., )
                            )
    Respondents.            )

## <u>O R D E R</u>

Petitioner, Shakhruz Kakhramon Ugli Kholmurodov, proceeding *pro se*, filed a

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before

the Court is the Report and Recommendation [Doc. No. 10] (R&R) of United States

Magistrate Judge Chris M. Stephens. The Magistrate Judge recommends granting, in part,

the Petition and denying as moot Petitioner's Motion for Temporary Restraining Order.

Respondents have filed an Objection [Doc. No. 11] and Petitioner has responded [Doc. No.

12]. The matter is at issue. The Court reviews de novo any portion of the R&R to which

a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Review of all other issues addressed by the Magistrate Judge are deemed waived. *See*

*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121*

*E. 30th St*., 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for

the reasons that follow, the Court ADOPTS the R&R, in part, and GRANTS, in part, the

Petition. The Court further denies the Motion for Temporary Restraining Order as moot.

## I.      Background

Petitioner, a citizen of Uzbekistan, entered the United States without admission or inspection on May 23, 2023.  On the same day, Petitioner was released from ICE custody on an Order of Release and Recognizance pursuant to 8 U.S.C. § 1226.  On October 12, 2023, ICE placed Petitioner into removal proceedings through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).  On January 31, 2026, Petitioner filed an application for asylum, which remains pending.  On March 17, 2026, ICE re-detained Petitioner after taking custody of him from the Oklahoma Highway Patrol.  Petitioner has been continuously detained without bond since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A).  When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.

On March 31, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act, a violation of his due process rights under the Fifth Amendment to the United States Constitution, and prolonged and arbitrary detention. Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights.  As relief, Petitioner seeks release from custody.

## II.     Discussion

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within five (5) business days or, in the alternative, for Respondents

to release Petitioner from custody.  The Magistrate Judge further recommends that the Court deny as moot Petitioner's Motion for Temporary Restraining Order.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees.  *See Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026). The Court's previous determination is in accord with the Tenth Circuit's recent decision, based on indistinguishable material facts.  *See Santillan Quiroz v. Mullin*, -- F.4th --, No. 26-6019, 2026 WL 1876709 at *8 (10th Cir. June 30, 2026) (mandate pending) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[1]  The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to

---

[1] Similarly, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior."  *Id*. at *3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

8 U.S.C. § 1226(a) within five (5) business days of the date of this Order, or otherwise release Petitioner if he has not received a proper bond hearing within that period.[2]

IT IS FURTHER ORDERED that Petitioner's Motion for Temporary Restraining Order is DENIED AS MOOT.

A separate judgment shall be entered.

IT IS SO ORDERED this 6th day of July, 2026.

_____
SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.